UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIN REY ALDRIDGE,

          Petitioner,

v.

BRYAN MORRISON,

          Respondent.

Case No. 2:20-cv-10886
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**NOTICE OF THE COURT'S INTENT TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE EXHAUSTION REQUIREMENT**

Petitioner Darin Rey Aldridge is in prison after being convicted in a Michigan state court. He has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. One of his two claims was not properly raised in the Michigan Court of Appeals, and, thus, is not exhausted. Accordingly, the Court plans to dismiss the habeas petition unless Aldridge notifies the Court before August 4, 2020 that he wishes to voluntarily dismiss his unexhausted claim and proceed with his sole exhausted claim.

**I.**

On October 25, 2018, Aldridge pleaded no contest in Macomb County Circuit Court to one count of domestic violence, third offense, Mich. Comp. Laws § 750.81(4), and one count of assault by strangulation, Mich. Comp. Laws § 750.84(1)(b). (ECF No. 1, PageID.1, 22.) The trial court agreed to cap Aldridge's minimum sentence at the bottom one-third of the Michigan sentencing guidelines, which were calculated at 38 to 152 months. (*Id.* at PageID.22, 44.) Before Aldridge was sentenced, he moved to withdraw his plea, claiming that he was promised guidelines between

10 and 46 months. (*Id*. at PageID.22–23.) The trial court denied the motion, and sentenced Aldridge as a fourth habitual offender to two concurrent prison terms of 72 to 240 months. (*Id*. at PageID.23.)

In an application for leave to appeal in the Michigan Court of Appeals, Aldridge argued that the trial court abused its discretion and committed clear error by denying his motion to withdraw his plea before sentencing. (*Id*. at PageID.2.) The Court of Appeals denied Aldridge's application for lack of merit in the grounds presented. *See People v. Aldridge*, No. 348948 (Mich. Ct. App. June 25, 2019).

In an application for leave to appeal in the Michigan Supreme Court, Aldridge raised the same claim that he had presented to the Michigan Court of Appeals. He also raised a new claim regarding his lawyer's advice to plead no contest to two offenses that allegedly arose from a single act. (ECF No. 1, PageID.2–3.) On February 4, 2020, the Michigan Supreme Court granted Aldridge's "motion to add additional issue" but denied leave to appeal because it was not persuaded that the questions Aldridge presented warranted its review. *See People v. Aldridge*, 937 N.W.2d 652 (Mich. 2020).

Aldridge did not seek a writ of certiorari in the United States Supreme Court. Nor did he pursue post-conviction remedies in the state trial court. (ECF No. 1, PageID.3.)

His habeas corpus petition is dated March 10, 2020, and it was docketed with the Court on March 19, 2020.

The grounds for relief, as set forth in Aldridge's supporting brief, are as follows:

I. The trial court abused its discretion and committed clear error in denying Aldridge's motion to withdraw [his] plea before sentencing; and

II. A lawyer's advice to plead nolo contendere to two offenses, assault and battery and assault with intent to do great bodily harm less than murder, arising from a

      single act, violates double jeopardy and constitutes ineffective assistance of counsel.

(*Id*. at PageID.17.)

## II.

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Aldridge did not fairly present both of his claims for the writ to the state court of appeals and to the state supreme court. True, he states that he raised his first claim regarding the trial court's denial of his motion to withdraw his plea in both the Michigan Court of Appeals and the Michigan Supreme Court. (ECF No. 1, PageID.2–3.) But the Court of Appeals denied leave to appeal before he could file his *pro se* brief raising the second claim (ineffective assistance of counsel). (*Id.* at PageID.7, 47.) Although Aldridge raised both claims in the Michigan Supreme Court, presenting a new claim for the first time in a state's highest court on discretionary review does not constitute fair presentation of the claim to the state courts. *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)). Thus, Aldridge's second claim is not properly exhausted, because it was raised for the first time in the Michigan Supreme Court.

As such, the petition is a "mixed" petition of one exhausted claim (claim one) and one unexhausted claim (claim two).

"A federal district court, generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A), *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005)). When confronted with a mixed petition, the Court can "do one of four things:"

> (1) dismiss the mixed petition in its entirety, *Rhines,* 544 U.S. at 274, 125 S. Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S. Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S. Ct. 1528; or (4) ignore the exhaustion requirement altogether and *deny* the petition on the merits if *none* of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris*, 553 F.3d at 1031–32 (emphases in original).

The Court is inclined to choose the first option (dismissal of the mixed petition) because the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) does not appear to pose a problem. The statute of limitations begins to run from the latest of four dates, generally, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Aldridge's case, the Michigan Supreme Court denied leave to appeal on February 4, 2020, *see Aldridge*, 937 N.W.2d at 652, meaning that his conviction became "final" under § 2244(d)(1)(A) ninety days later, on or about May 4, 2020, when the deadline for seeking certiorari from the United States Supreme Court expired. *See, e.g.*, *Johnson v. Rapelje*, 542 F. App'x 453, 454 (6th Cir. 2013).

Aldridge filed his habeas corpus petition in March 2020, before the statute of limitations even started to run. And as of today, July 1, 2020, there is still about 10 months left on the one-

4

year clock. Thus, even if the Court dismisses the petition (without prejudice) to allow Aldridge to exhaust state-court remedies for his second claim, Aldridge is not likely to face a statute of limitations bar when he refiles his petition for habeas corpus. Although the limitations period was not tolled while his petition has been pending here in federal court, *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), the limitations will be tolled so long as Aldridge pursues a "properly filed" motion for post-conviction relief (or properly filed leave to appeal) in state court, *see* 28 U.S.C. § 2244(d)(2).

As things now stand, the other options make less sense. The Court sees no reason to choose option two (a stay) because Aldridge has not asked for a stay, and there is no need for a stay, because, as just explained, Aldridge does not appear to be in danger of having a subsequent petition dismissed under the statute of limitations. The Court presumes that Aldridge would prefer not to dismiss his unexhausted second claim (option three). And without an answer to the habeas petition and the state-court record, the Court is unable to determine whether the entire petition can be dismissed on the merits (option four).

Accordingly, unless Aldridge informs the Court before August 4, 2020 that he wishes to dismiss his unexhausted second claim and proceed only with only his first claim, the Court will dismiss the habeas corpus petition without prejudice to refiling.

SO ORDERED.

Dated: July 2, 2020

                                                     s/Laurie J. Michelson
                                                     LAURIE J. MICHELSON
                                                     UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 2, 2020.

                                                s/Erica Karhoff
                                                Case Manager to the
                                                Honorable Laurie J. Michelson