UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIN REY ALDRIDGE,

           Petitioner,

v.

BRYAN MORRISON,

           Respondent.

Case No. 2:20-cv-10886
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER (1) DENYING RECONSIDERATION OF THE COURT'S PREVIOUS ORDER, (2) DISMISSING PETITIONER'S UNEXHAUSTED CLAIM, (3) DIRECTING THE CLERK TO SERVE THE HABEAS PETITION ON THE STATE, AND (4) DIRECTING THE STATE TO FILE THE STATE-COURT RECORD AND A RESPONSE TO THE HABEAS PETITION AS AMENDED**

Petitioner Darin Rey Aldridge is serving a prison sentence after being convicted in a Michigan state court. He filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.) The Court determined during its initial review of the case that one of Aldridge's two claims was not properly raised in the Michigan Court of Appeals and, thus, was not exhausted. Consequently, the Court informed Aldridge on July 2, 2020, that it planned to dismiss the habeas petition unless Aldridge notified the Court before August 4, 2020, that he wished to voluntarily dismiss his unexhausted claim and proceed with his sole exhausted claim. (ECF No. 3.)

On July 21, 2020, Aldridge responded to the Court's order and asked the Court to reconsider the exhaustion doctrine. (ECF No. 4.) He also stated that, if the Court did not accept his argument on exhaustion of state remedies, he wished to voluntarily dismiss his unexhausted claim. For the following reasons, the Court declines to reconsider its decision on the exhaustion issue. Accordingly, the Court will: (1) allow Aldridge to voluntarily dismiss his unexhausted claim; (2)

direct the Clerk of Court to serve the habeas petition and a copy of this order on the State; and (3) direct the State to file the relevant portions of the state-court record and a response to the habeas petition.

## I.

On October 25, 2018, Aldridge pleaded no contest in Macomb County Circuit Court to one count of domestic violence, third offense, Mich. Comp. Laws § 750.81(4), and one count of assault by strangulation, Mich. Comp. Laws § 750.84(1)(b). (ECF No. 1, PageID. 1, 22.) The trial court agreed to cap Aldridge's minimum sentence at the bottom one-third of the Michigan sentencing guidelines, which were calculated at 38 to 152 months. (*Id.* at PageID.22, 44.) Before Aldridge was sentenced, he moved to withdraw his plea, claiming that he was promised guidelines between 10 and 46 months. (*Id.* at PageID.22-23.) The trial court denied the motion and sentenced Aldridge on December 13, 2018, to two concurrent terms of 72 to 240 months (six to twenty years) in prison. (*Id.* at PageID.23.)

In an application for leave to appeal in the Michigan Court of Appeals, Aldridge argued that the trial court had abused its discretion and committed clear error by denying his motion to withdraw his plea before sentencing. (*Id.* at PageID.2.) The Court of Appeals denied Aldridge's application for lack of merit in the grounds presented. *See People v. Aldridge*, No. 348948 (Mich. Ct. App. June 25, 2019).

In an application for leave to appeal in the Michigan Supreme Court, Aldridge raised the same claim that he had presented to the Michigan Court of Appeals. He also raised a new claim regarding his lawyer's advice to plead no contest to two offenses that allegedly arose from a single act. (ECF No. 1, PageID.2-3.) On February 4, 2020, the Michigan Supreme Court granted Aldridge's "motion to add additional issue," but denied leave to appeal because the court was not

persuaded that the questions Aldridge presented to the court warranted its review. *See People v. Aldridge*, 937 N.W.2d 652 (Mich. 2020).

Aldridge did not seek a writ of certiorari in the United States Supreme Court. Nor did he pursue post-conviction remedies in the state trial court. (ECF No. 1, PageID.3.) His habeas petition is dated March 10, 2020, and it was docketed with the Court on March 19, 2020. The grounds for relief, as set forth in Aldridge's supporting brief, are as follows:

> I. The trial court abused its discretion and committed clear error in denying Aldridge's motion to withdraw [his] plea before sentencing; and
>
> II. A lawyer's advice to plead nolo contendere to two offenses, assault and battery and assault with intent to do great bodily harm less than murder, arising from a single act, violates double jeopardy and constitutes ineffective assistance of counsel.

(*Id.* at PageID.17.)

## II.

The Court noted in its previous order that the doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Aldridge did not fairly present both of his habeas claims to the state court of appeals and to the state supreme court. He admitted in his habeas petition that, although he raised his first claim

3

in both state appellate courts, he raised his second claim only in the Michigan Supreme Court. (ECF No. 1, PageID.5-7.) Accordingly, the Court informed Aldridge on July 2, 2020, that the Court intended to dismiss the petition without prejudice to refiling unless he notified the Court by August 4, 2020, that he wished to dismiss his unexhausted second claim and proceed with only his first claim. (ECF No. 3, PageID.56.)

On July 21, 2020, Aldridge filed a timely response to the Court's order. (ECF No. 4.) He wants the Court to reconsider its ruling on the exhaustion doctrine, and if the Court is not persuaded by his argument, he wishes to voluntarily dismiss his unexhausted second claim. (*Id*. at PageID.59.)

**A.**

Aldridge argues first that that it would be futile to exhaust state remedies because he has already served about three years on his six-year sentences, and his sentences will be served before he can fully exhaust state remedies for his unexhausted claim. *Id*. The exhaustion requirement is considered satisfied if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Nevertheless, according to records maintained by the Michigan Department of Corrections on its official website, the earliest possible date that Aldridge could be released on parole is April 30, 2024. *See* https://perma.cc/8BHL-FN9Y. So there is a reasonable probability that Aldridge could complete the exhaustion process before his anticipated release from prison.

**B.**

Aldridge argues next that his second claim should be considered exhausted because the Michigan Court of Appeals deprived him of access to the appellate process by violating its own

4

rule on filing a *pro se* supplemental brief. (ECF No. 4, PageID.60.) Aldridge contends that the applicable rule allows a defendant to file a *pro se* appellate brief up to eighty-four days after the application for leave to appeal is filed, but the Michigan Court of Appeals issued its decision in his case only forty days after he filed an application for leave to appeal. *Id.*

Aldridge was unable to submit his *pro se* appellate brief to the Michigan Court of Appeals before the court rendered its decision. But even if the Court of Appeals violated its own rules and precluded Aldridge from raising his second claim in the Court of Appeals, Aldridge could have presented his unexhausted second claim to the trial court in a motion for relief from judgment. *See* Mich. Ct. R. 6.502. Then, if he were unsuccessful in the trial court, he could have sought leave to appeal the trial court's decision to the Michigan Court of Appeals and to Michigan Supreme Court. *See* Mich. Ct. R. 6.509, 7.205, and 7.305. This approach would have satisfied the exhaustion requirement for Aldridge's second claim, and the statute of limitations would have been tolled while a properly filed motion for relief from judgment was pending in state court. 28 U.S.C. § 2244(d)(2). The Court therefore rejects Aldridge's argument that he was deprived of access to Michigan's appellate process.

## C.

Finally, Aldridge argues that the Michigan Supreme Court should be the arbiter of whether an issue is exhausted in state court. (ECF No. 4, PageID.61.) Aldridge points out that the Michigan Supreme Court allowed him to add his second claim to his application for leave to appeal in the supreme court. He implies that the Michigan Supreme Court cured the exhaustion problem by allowing him to raise his second claim in that court and then reviewing the claim along with the other issue that he presented to the Michigan Supreme Court. (ECF No. 4, PageID.60.)

5

There is some support for Aldridge's argument. First, the futility argument he raised above lurks here as well. The exhaustion requirement may be excused "where the process to do so is so deficient as to render futile any effort to obtain relief in state court." *Doby v. Bell*, No. 06-CV-15427, 2009 U.S. Dist. LEXIS 29640, at *10 (E.D. Mich. Apr. 8, 2009) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

But while it might not be efficient or even practical to require a petitioner to raise an issue before the state trial court in a motion for relief from judgment that has already been ruled on by the Michigan Supreme Court, that *process* for raising the claim is available to Aldridge. Moreover, although the Michigan Supreme Court allowed Aldridge to add the claim, it stated that it was "not persuaded" to review it. Aldridge has not cited a case or otherwise shown that in being "not persuaded" to review the claim, the Michigan Supreme Court ruled on the merits of his claim.

Second, there is some case law support for Aldridge's position. In *Meeks v. Bergen*, 749 F.2d 322 (6th Cir. 1984), the petitioner appealed his conviction to the Michigan Court of Appeals, and after his conviction was affirmed, he presented a new issue for the first time in the Michigan Supreme Court. After the supreme court denied leave to appeal, the petitioner filed a habeas corpus petition, and the district court found that the petitioner had adequately exhausted her state remedies.

On appeal to the Sixth Circuit Court of Appeals, the respondent argued that the petitioner had not exhausted state remedies for the new claim that she presented for the first time to the Michigan Supreme Court. The Sixth Circuit disagreed and stated that, although the petitioner did not join the new issue "on direct appeal from her criminal conviction, she did articulate the issue in her application for a delayed appeal, which was denied by the Michigan Supreme Court." *Id*. at 325. The Sixth Circuit concluded that the petitioner had adequately exhausted her state remedies

as required by 28 U.S.C. § 2254(b). *Id.* The Sixth Circuit added: "Once a federal claim has been *presented* to a state's highest court, the exhaustion requirement is satisfied, even if the state court failed to address the federal claim." *Id.* at 325 n.1 (citing *Smith v. Digmon*, 434 U.S. 332 (1978), and *Ridgeway v. Baker,* 720 F.2d 1409 (5th Cir. 1983)).

The Sixth Circuit reached a similar conclusion on the exhaustion question in *McWilson v. Foltz*, 793 F.2d 1292 (6th Cir. 1986) (unpublished). There, the petitioner filed in the Michigan Supreme Court a motion to either remand his case for consideration of two new issues or for permission to add the two new issues not previously raised. The Michigan Supreme Court denied leave to appeal, and in a separate order, it stated that the motion to add issues was granted, but that the request for a remand and the delayed application for leave to appeal were denied.

The petitioner's subsequent petition for the writ of habeas corpus was dismissed on exhaustion grounds. But on appeal from the district court's decision, the Sixth Circuit held that the petitioner had adequately presented one of his two new issues as a federal constitutional claim in his motion to add issues in the Michigan Supreme Court. The Sixth Circuit concluded that the petitioner had adequately exhausted state remedies for the claim when the Michigan Supreme Court specifically granted the petitioner leave to add the issue, even though the court denied leave to remand the case to the Michigan Court of Appeals for delayed consideration of the issue. *See also Doby*, 2009 U.S. Dist. LEXIS 29640, at *13 (concluding that "by receiving permission from the Michigan Supreme Court to add the additional claims in his application for leave to appeal, Petitioner has properly exhausted the claims for purposes of habeas review.")

But there is also conflicting law. More recently, two federal district judges in Michigan have concluded under similar circumstances that even if the Michigan Supreme Court granted a habeas petitioner permission to add claims to an application for leave to appeal before the

Michigan Supreme Court, that is insufficient for exhaustion purposes. *See Rogers v. Palmer*, No. 2:07-CV-11902, 2010 WL 1881057, at *3 (E.D. Mich. May 11, 2010); *see also Haytham v. Bell*, No. 1:07-cv-436, 2008 WL 3875399, *2 (W.D. Mich. Aug. 18, 2008) (stating that, "[w]hile the state court rules may permit a defendant to raise a new issue in the state supreme court, the law governing federal habeas corpus petitions requires a claim to be exhausted at each level of the state appellate courts").

Furthermore, *Meeks* and *McWilson* were decided before the Sixth Circuit made it explicit that, to properly exhaust state remedies, the applicant must present his or her issues "both to the state court of appeals and the state supreme court." *Wagner*, 581 F.3d at 414. *Meeks* and *McWilson* also were decided before the Supreme Court made it clear in *Castille v. Peoples*, 489 U.S. 346, 349–51 (1989), that presentation of a claim for the first time to the state's highest court on discretionary review does not constitute "fair presentation" for purposes of the exhaustion requirement.

Given the uncertainty in the law on this issue, the Court cannot find that Aldridge's second claim is exhausted because the Michigan Supreme Court accepted the claim for review.

### III.

Based on the foregoing discussion, the Court declines to reconsider its previous ruling on the exhaustion issue and accepts Aldridge's decision to voluntarily dismiss his second claim. Accordingly, **IT IS ORDERED** that:

● Aldridge's second habeas claim is voluntarily **DISMISSED**;

● the Clerk of Court shall serve a copy of the habeas petition and this order on the Michigan Attorney General and on Aldridge's warden at the Lakeland Correctional Facility;

● the Michigan Attorney General shall file the relevant portions of the state-court record and a response to Aldridge's first claim within **six (6) months** of the date of this order; and

● Aldridge shall have **forty-five (45) days** from the date of the responsive pleading to file a reply.

SO ORDERED.

Dated: September 3, 2020

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 3, 2020.

                                            s/Erica Karhoff
                                            Case Manager to the
                                            Honorable Laurie J. Michelson